UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21–CV–271 ) |
| CHRISTOPHER R. NICOLOPOULOS, in His Official Capacity as Commissioner of the New Hampshire Insurance Department, | ) ) ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION AND ORDER

Federal courts are courts of limited jurisdiction. Generally, a court may hear cases arising under federal law, like the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). Plaintiff filed suit under ERISA. It follows that this Court has jurisdiction to hear this ERISA case. Therefore, Defendant's Motion to Dismiss, [Doc. 29], is DENIED.

I. Background

Plaintiff BlueCross BlueShield of Tennessee, Inc., is a provider of employer group health plans. [Am. Compl, Doc. 20, PageID 453]. Plaintiff is headquartered in Chattanooga, Tennessee. It provides insurance for the employees of PhyNet Dermatology LLC, "an outsourced managed services company for dermatology practices." [*Id.* at PageID 453, 455]. PhyNet is a Delaware company with its headquarters in Tennessee. [*Id.* at PageID 455]. PhyNet's policy does not cover employees' fertility treatments. [*Id.* at PageID 457].

1

One of PhyNet's employees, B.C., lives in New Hampshire. [*Id.* at PageID 458]. B.C. received fertility treatments and then filed claims for insurance coverage. [*Id.* at PageID 451, 458]. Plaintiff denied those claims. [*See id.* at PageID 451].

After Plaintiff denied the claims for fertility treatments, the New Hampshire Insurance Department ("NHID") received a complaint regarding B.C.'s lack of coverage. [*Id.* at PageID 458]. In New Hampshire, according to the NHID, insurance carriers must provide coverage for medically necessary fertility treatments. [*Id.* at PageID 459]. The NHID alleged that Plaintiff violated three laws. [*Id.* at PageID 460]. According to the Amended Complaint, the NHID alleged that Plaintiff violated:

 a. N.H. Rev. Stat. Ann. § 400-A:15, III (which states that "[a]ny person who knowingly violates any statute, rule, regulation, or order of the commissioner may, upon hearing . . . be subject to . . . administrative fine not to exceed $2,500 per violation");

 b. N.H. Rev. Stat. Ann. § 417-G:2, II (which states that "health carrier[s]" must cover "medically necessary fertility treatment"); and

 c. N.H. Rev. Stat. Ann. § 417:4, I(h) (which prohibits "[m]isrepresentations" in the "offer or sale of any insurance" by "[e]ngaging in any . . . transaction, practice, or course of business which operates as a fraud or deceit upon the purchaser, insured, or person with policy ownership right").

[*Id.* (statute summaries copied from Amended Complaint)].

The NHID tried to enforce the above laws. To do so, it summoned Plaintiff for a hearing and ordered Plaintiff to show why it should not be fined or be forced to stop offering insurance in New Hampshire. [*Id.* at PageID 460–61].

Before the date of the hearing, Plaintiff filed this lawsuit against Defendant Nicolopoulos in his official capacity as commissioner of NHID. In its Amended Complaint, Plaintiff brought four claims of relief. First, Plaintiff brought a fiduciary claim to bar interference with plan terms under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). [*Id.* at PageID 462]. Second, Plaintiff brings a

2

claim to bar interference with ERISA compliance under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). [*Id.* at PageID 463]. Third, Plaintiff brings a claim to bar actions in violation of ERISA §§ 502 and 514. [*Id.* at PageID 465]. Last, Plaintiff brings a claim to bar violations of plan terms and federal common law. [*Id.* at PageID 467]. Plaintiff requested relief in the form of a permanent injunction prohibiting Defendant from interfering with Plaintiff's plan and declaratory judgment declaring the requirements of Plaintiff under ERISA, Tennessee, and New Hampshire law, including whether Plaintiff must appear in New Hampshire for an adjudicatory proceeding and submit to New Hampshire law. [*Id.* at PageID 469–71].

In response to the Amended Complaint, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. [Doc. 29]. Plaintiff filed a response, [Doc. 32], and Defendant replied, [Doc. 34]. The motion is now ripe.

## II.   Standard

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion comes in two forms, a facial or a factual challenge. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Defendant brought a facial challenge, which "is a challenge to the sufficiency of the pleading itself." *Id.* When a challenge is based on the sufficiency of the pleadings, a court accepts the material allegations in the pleadings as true and construes them "in the light most favorable to the nonmoving party." *Id.* With a facial attack to subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)).

3

Defendant has also filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). When a defendant files a motion to dismiss based on lack of personal jurisdiction, the burden is on the plaintiff to show it. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). When showing personal jurisdiction based on written submissions and affidavits, "the plaintiff's burden is relatively slight." *Id.* (internal quotation omitted). Viewing the facts in favor of the plaintiff, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists . . . . " *Id.* at 360–61. When a Court lacks personal jurisdiction, it may dismiss or transfer the case. *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483–84 (6th Cir. 2009).

### III. Discussion

Defendant filed a motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. While accepting that Plaintiff's claim involves federal law, Defendant argues that Plaintiff's claims are so without merit that the Court will not have to decide any issues of federal law, depriving it of federal question jurisdiction and personal jurisdiction. While Defendant may ultimately prevail on the merits of this case, Defendant is incorrect to say that its victory is so assured that the Court lacks jurisdiction. If the Court were to rule in favor of Defendant on this motion, the Court would be deciding the merits of the case.

    a. <u>This action arises under federal law, and this Court has subject matter jurisdiction.</u>

Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction. [Doc. 20, PageID 453]. Defendant disagrees and argues that this Court lacks federal question jurisdiction. [Doc. 30, PageID 510]. When making this jurisdictional argument, Defendant jumps right to the merits of the case. [*Id.*]. Defendant argues that the New Hampshire statutes are not preempted by ERISA. [*Id.*]. Specifically, Defendant states "The Court

4

does not have subject matter jurisdiction under 29 U.S.C. § 1132(e)(1), because the disputed 'act or practice' under 29 U.S.C. § 1132(a)(3), the enforcement action pursuant to N.H. Rev. Stat. Ann. § 417-G, is saved from preemption under ERISA." [Doc. 30, PageID 517]. Missing from Defendant's memorandum is any citation stating that preemption takes this matter out of the Court's jurisdiction. Only in its reply brief does Defendant say, "As [Plaintiff] has appropriately pointed out though, federal jurisdiction cannot be invoked upon wholly insubstantial and frivolous claims like the ones it is trying to advance in this case." [Doc. 34, PageID 556]. While Defendant may, in the end, be correct in that Plaintiff's claim will not succeed, Plaintiff's claim is not so insubstantial or frivolous that this Court lacks jurisdiction.

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508, 511 (6th Cir. 2022). In this case, ERISA creates the cause of action.

Plaintiff specifically brings claims under 29 U.S.C. § 1132(a)(3)*,* which reads: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ." 29 U.S.C. § 1132(a)(3). This section of ERISA "has been interpreted as creating a cause of action for a declaratory judgment." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 380 (6th Cir. 1993) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 n.31 (1983). But not just anyone can bring a suit under this section. Instead, "[t]he express grant of federal

5

jurisdiction in ERISA is limited to suits brought by certain parties as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes." *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 21. Therefore, a suit must be brought by "participants, beneficiaries, fiduciaries, or the Secretary of Labor . . . . " *Id.* (noting specifically that the statute "neither creates nor expressly denies any cause of action in favor of state governments, to enforce tax levies or for any other purpose. It does not purport to reach every question relating to plans covered by ERISA."). Here, when accepting the facts in the Amended Complaint as true, Plaintiff is a fiduciary and can bring an action under ERISA. [Doc. 20, PageID 466].

While some cases have found a lack of subject matter jurisdiction under this statute because the plaintiff was not a participant, beneficiary, fiduciary, or the Secretary of Labor, *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 21, Defendant does not raise that argument here. Instead, Defendant argues that because Plaintiff's argument will fail, there is no question of federal law. [Doc. 30, PageID 517]. Plaintiff quickly addresses this point by quoting the United States Supreme Court, "Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Defendant cannot argue that this Court lacks jurisdiction simply because Plaintiff's cause of action will fail.

The Sixth Circuit has recently decided a similar matter involving standing. In *Charlton-Perkins v. Univ. of Cincinnati*, a district court dismissed a case after determining that a plaintiff did not set out a *prima facie* case in a complaint. 35 F.4th 1053, 1058 (6th Cir. 2022). The district court, however, dismissed the case for lack of standing instead of on the merits. *Id.* The Sixth

6

Circuit addressed this conflation of justiciability and merits by stating, "whether a plaintiff can get into federal court under Article III—a jurisdictional question—is not determined by whether he can also plausibly plead the elements of a cause of action—a merits question." *Id.* at 1058–59.

Defendant makes the same error here by conflating jurisdiction and merits. Defendant's motion for lack of subject matter jurisdiction assumes the conclusion that Defendant wins on the merits. Tellingly, cases cited by Defendant in support of the motion are merits cases: *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333 (2003) ("The District Court concluded that although both . . . statutes 'relate to' employee benefit plans under § 1144(a), each law 'regulates insurance' and is therefore saved from pre-emption by § 1144(b)(2)(A)."); *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 396 (2002) (Thomas, J., dissenting) (noting that, ultimately, the case was decided on summary judgment); *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 363 (1999) (decision made on summary judgment); *FMC Corp. v. Holliday*, 498 U.S. 52, 56 (1990) (decision made on summary judgment); *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 735 (1985) (state court held a trial). The Court will not conflate merits and jurisdiction as suggested by Defendant.

Even if the Court were to accept Defendant's argument that Plaintiff's claims will fail, the Court's jurisdiction is not in question. As Defendant admitted, a claim must be insubstantial or frivolous for the Court to lose jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). The Supreme Court has stated that, " the district court has jurisdiction if the right of the petitioners to recover under their complaint will be sustained . . . unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* (quote and citation omitted). While Defendant has drafted a brief and reply on the merits of the case, Defendant does not show that Plaintiff's claims

are "wholly insubstantial and frivolous," and, as a result, this Court has federal question jurisdiction.

    b. <u>Because the Court has subject matter jurisdiction, Defendant's personal jurisdiction argument also fails.</u>

Second, Defendant argues that this Court lacks personal jurisdiction. [Doc. 30, PageID 518]. Defendant concedes that ERISA has a nationwide service of process. [*Id.* at PageID 518]. Citing *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 524 (6th Cir. 2000), Defendant also concedes that personal jurisdiction under ERISA hinges on whether the Court has subject matter jurisdiction. [*Id.*]. Generally, if the Court has subject matter jurisdiction for an ERISA case, then it has personal jurisdiction under ERISA's nationwide service of process. *NGS Am., Inc.*, 218 F.3d at 524. Again, Defendant argues that the Court lacks subject matter jurisdiction and as a result, also lacks personal jurisdiction. [Doc. 30, PageID 518]. Given that the Court has subject matter jurisdiction, Defendant's premise is false, and on its own terms, Defendant's personal jurisdiction argument must fail.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss, [Doc. 29], is DENIED.

So ordered.

ENTER:

                                          s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE